IN THE CIRCUIT COURT OF THE
ELEVENTH  JUDICIAL CIRCUIT
IN AND FOR MIAMI-DADE
COUNTY

CASE NO:

LOROD MILLS,

      Plaintiff,

vs.

CITY OF MIAMI, KEVIN
HARRISON, RAPHAEL MUINA,
and JONATHAN VAZQUEZ

      Defendants.

_____/

## **COMPLAINT**

COMES NOW, the Plaintiff, LOROD MILLS, by and through his undersigned counsel, and hereby brings this lawsuit against the Defendants, CITY OF MIAMI, KEVIN HARRISON, RAPHAEL MUINA and JOHNATHAN VAZQUEZ and as grounds would state:

INTRODUCTION

This is a civil action arising from the unlawful, unreasonable and unnecessary use of force against LOROD MILLS on March 22, 2017 during his arrest causing serious and permanent injuries.  The Defendants are sued for the violations of LOROD MILLS' rights under the United States Constitution and the common law.

## **JURISDICTION AND PARTIES**

1. This is an action for damages in excess of thirty thousand dollars ($30,000.00), exclusive of attorney's fees, cost and interest.

# EXHIBIT A

2.  All conditions precedent to bringing this action have occurred or have been performed. The Florida Stat. §768.28 Notice of Claim has been forwarded, served and received more than six (6) months ago.  Said document was served upon the City Manager, the Police Department Director and upon the Insurance Commissioner of the State of Florida via certified mail. (See attached Exhibit "A").

3.  Plaintiff's claims arise pursuant to 42 U.S.C. §1981, 1983, and 1988 for violations of his rights protected by the Fourth and Fourteenth Amendments to the United States Constitution, as well as under Florida state law.

4.  The Plaintiff, LOROD MILLS, (herein after referred to as "MILLS" or "Plaintiff") is over the age of eighteen (18), is a resident of Palm Beach County, and is otherwise sui juris.

5.  Defendant, CITY OF MIAMI (hereinafter referred to as "CITY"), is a municipal corporation formed pursuant to the laws of the State of Florida, located within the confines of Palm Beach County, Florida.

6.  At all times material hereto, CITY was and is responsible for the operation, administration, management and oversight of all activities involving the MIAMI Police Department and its employees.

7.  At all times material to this Complaint, Defendant KEVIN HARRISON (hereinafter referred to as  "HARRISON"), was an employee of the MIAMI Police Department, and at all material times was acting within the course and scope of his employment under color of law at the time of the events alleged in this Complaint and is sued individually.

8.  At all times material to this Complaint, Defendant RAPHAEL MUINA (hereinafter referred to as  "MUINA"), was an employee of the MIAMI Police Department, and at all

material times was acting within the course and scope of his employment under color of law at the time of the events alleged in this Complaint and is sued individually.

9. At all times material to this Complaint, Defendant JONATHAN VAZQUEZ (hereinafter referred to as  "VAZQUEZ"), was an employee of the MIAMI Police Department, and at all material times was acting within the course and scope of his employment under color of law at the time of the events alleged in this Complaint and is sued individually.

10. At all times material to this Complaint, CITY employed HARRISON, MUINA and VAZQUEZ  who were all acting in the course and scope of their employment.

11. In connection with the acts, practices and violations described below, HARRISON, MUINA and/or VAZQUEZ directly or indirectly violated MILLS's constitutional and state rights.

## **FACTS**

12. On or about early morning March 22, 2017, MILLS and some of his friends were exiting a night club at or near 36th Street at or near 24th or 25th Avenue in the City of Miami, Miami-Dade County, Florida.

13. At all times material, the Plaintiff was and is a paraplegic confined to a wheel chair, for locomotion.

14. On information and belief, the Plaintiff and his friends, along with others were leaving one or more establishments that were closing.

15. On information and belief, there were large numbers of citizens walking and or standing about in the area, following the closing of the local bars, clubs and restaurants.

16. At or about that time, Defendant HARRISON noticed the Plaintiff and his friends speaking with one or more law enforcement officers.

17. At all times material, HARRISON carried the rank of Lieutenant on the police force with the CITY.

18. Upon information and belief HARRISON decided to approach the Plaintiff as he spoke with the other officers. HARRISON then ordered his officers to arrest or take the Plaintiff into custody.

19. Rather than arrest or take Plaintiff into custody, the officers then with the Plaintiff ran off to address a disturbance at another location.

20. Defendant HARRISON then approached Plaintiff and without provocation grabbed his arm an advised the Plaintiff that he was under arrest.

21. At or about the same time, Defendants Muina and Vasquez approached and without provocation, grabbed the Plaintiff's wheelchair and dumped him out of it into the street.

22. At no point did MILLS physically resist the officers' attempts to arrest him.

23. At the time of this action, the law was clearly established that officers cannot use force on a non-violent offender for the purpose of punishing the individual for exercising his/her constitutional rights.

24. At no time did MILLS take any action to threaten either physically or verbally the officers and at all times material, the officers were aware that MILLS was confined to a wheelchair.

25. After the incident, HARRISON testified that MILLS was dumped out of his wheelchair after he had stood and struck HARRISON.

## COUNT I
## State Law Battery – Against Defendant CITY

26. MILLS reasserts and re-alleges Paragraphs 1-25 as if fully set out herein.

27. On or about March 22, 2017, Defendant HARRSON was acting in the course and scope of his employment at that time and place, did intentionally batter, touch, and/or otherwise strike MILLS.

28. CITY is vicariously liable for the actions of HARRISON.

29. The conduct of HARRISON, as set forth above, was objectively unreasonable and constituted unnecessary and excessive force committed during the course and scope of employment. The battery was accomplished by an abuse of HARRION's position as a law enforcement officer employed by the CITY.

30. The actions of HARRISON caused physical harm and was committed without the Plaintiff's consent.

31. As a direct and proximate result of the above-mentioned unconstitutional acts of HARRIOSN,  MILLS has sustained damages, including severe physical injury, physical inconvenience, in the past and will continue to suffer into the future aggravation of a pre-existing condition, pain and suffering, disability, disfigurement, impairment of working ability, medical expense, loss of time, mental suffering, humiliation, disgrace, loss of enjoyment of life, and has and will continue to incur medical expenses, care and treatment for his injuries.

WHEREFORE, Plaintiff MILLS respectfully requests this Honorable Court to grant the following relief:  Award him compensatory damages, taxable costs, a trial by jury on all issues so triable, and other such and further relief as this Court deems reasonable and just.

### <u>COUNT II</u>
### <u>State Law Battery—Against Defendant HARRISON, Individually</u>

32. MILLS reasserts and re-alleges Paragraphs 1-25 as if fully set out herein.

33. On or about March 22, 2017, Defendant HARRISON was acting in the course and scope of his employment at that time and place, did intentionally batter, touch, and/or otherwise strike MILLS. Said actions were done without Plaintiff's consent and against Plaintiff's will.

34. The conduct of HARRISON was objectively unreasonable and constituted excessive force committed during the course and scope of employment.  Defendant HARRISON's battery of MILLS, as set forth above, was accomplished by an abuse of HARRISON's position as a law enforcement officer employed by CITY.

35. As a direct and proximate result of the above-mentioned unconstitutional acts of HARRISON, the Plaintiff has sustained damages, including severe physical injury, physical inconvenience in the past and will continue to suffer into the future aggravation of a pre-existing condition, pain and suffering, disability, disfigurement, impairment of working ability, medical expense, loss of time, mental suffering, humiliation, disgrace, loss of enjoyment of life, and has and will continue to incur medical expenses, care and treatment for his injuries.

WHEFEFORE, Plaintiff MILLS demands judgment against Defendant HARRISON for compensatory damages and costs of this action, and further requests a jury trial on all issues so triable.

## COUNT III

### Unnecessary/Unreasonable Use of Force Claim
### Against Defendant HARRISON, Individually
### Pursuant to 42 U.S.C. §1983 , §1988

36. Plaintiff reasserts and realleges Paragraphs 1-25 as if fully set out herein.

37. HARRISON, under color of law, did intentionally touched or struck MILLS without MILLS's consent and against his will.

38. The conduct of HARRISON towards MILLS, as more fully set forth above, was objectively unreasonable and constituted unreasonable force in violation of Plaintiff's clearly established Constitutional rights under the 4th and 14th Amendments of the United States Constitution and 42. U.S.C. §1983.

39. HARRISON acted intentionally and with reckless disregard for Plaintiff's clearly established Constitutional rights.

40. MILLS has retained the undersigned counsel to prosecute this action on his behalf.

41. As a direct and proximate result of the actions of HARRISON in violation of 42 U.S.C. §1983, Plaintiff suffered damages which include physical suffering, physical inconvenience, physical discomfort, medical treatment and care, all in violation of Plaintiff's civil rights.

WHEREFORE ,Plaintiff demands judgment against HARRISON for any and all damages allowable by law, including but not limited to compensatory, exemplary damages, and punitive damages; award the costs of this action and all costs related thereto; and award all equitable relief allowed by law; and demand a trial by jury of all issues so triable. MILLS also demands attorneys' fees pursuant to 42 U.S.C. §1988.

**COUNT IV**
**State Law Battery – Against Defendant CITY for MUINA's Conduct**

42. MILLS reasserts and re-alleges Paragraphs 1-25 as if fully set out herein.

43. On or about March 22, 2017, Defendant MUINA was acting in the course and scope of his employment at that time and place, did intentionally batter, touch, and/or otherwise strike MILLS.

44. CITY is vicariously liable for the actions of MUINA

45. The conduct of MUINA, as set forth above, was objectively unreasonable and constituted unnecessary and excessive force committed during the course and scope of employment. The battery was accomplished by an abuse of MUINA's position as a law enforcement officer employed by the CITY.

46. The actions of MUINA caused physical harm and was committed without the Plaintiff's consent.

47. As a direct and proximate result of the above-mentioned unconstitutional acts of MUINA,  MILLS has sustained damages, including severe physical injury, physical inconvenience, in the past and will continue to suffer into the future aggravation of a pre-existing condition, pain and suffering, disability, disfigurement, impairment of working ability, medical expense, loss of time, mental suffering, humiliation, disgrace, loss of enjoyment of life, and has and will continue to incur medical expenses, care and treatment for his injuries.

WHEREFORE, Plaintiff MILLS respectfully requests this Honorable Court to grant the following relief:  Award him compensatory damages, taxable costs, a trial by jury on all issues so triable, and other such and further relief as this Court deems reasonable and just.

<u>**COUNT V**</u>

<u>**State Law Battery—Against Defendant MUINA, Individually**</u>

48. MILLS reasserts and re-alleges Paragraphs 1-25 as if fully set out herein.

49. On or about March 22, 2017, Defendant MUINA was acting in the course and scope of his employment at that time and place, did intentionally batter, touch, and/or otherwise strike MILLS. Said actions were done without Plaintiff's consent and against Plaintiff's will.

50. The conduct of MUINA was objectively unreasonable and constituted excessive force committed during the course and scope of employment.  Defendant MUINA's battery of MILLS, as set forth above, was accomplished by an abuse of MUINA's position as a law enforcement officer employed by CITY.

51. As a direct and proximate result of the above-mentioned unconstitutional acts of MUINA, the Plaintiff has sustained damages, including severe physical injury, physical inconvenience in the past and will continue to suffer into the future aggravation of a pre-existing condition, pain and suffering, disability, disfigurement, impairment of working ability, medical expense, loss of time, mental suffering, humiliation, disgrace, loss of enjoyment of life, and has and will continue to incur medical expenses, care and treatment for his injuries.

WHEFEFORE, Plaintiff MILLS demands judgment against Defendant MUINA for compensatory damages and costs of this action, and further requests a jury trial on all issues so triable.

## COUNT VI

### Unnecessary/Unreasonable Use of Force Claim
### Against Defendant MUINA, Individually
### Pursuant to 42 U.S.C. §1983, §1988

52. Plaintiff reasserts and realleges Paragraphs 1-25 as if fully set out herein.

53. MUINA, under color of law, did intentionally touched or struck MILLS without MILLS's consent and against his will.

54. The conduct of MUINA towards MILLS, as more fully set forth above, was objectively unreasonable and constituted unreasonable force in violation of Plaintiff's clearly established Constitutional rights under the 4th and 14th Amendments of the United States Constitution and 42. U.S.C. §1983.

55. MUINA acted intentionally and with reckless disregard for Plaintiff's clearly established Constitutional rights.

56. MILLS has retained the undersigned counsel to prosecute this action on his behalf.

57. As a direct and proximate result of the actions of MUINA in violation of 42 U.S.C. §1983, Plaintiff suffered damages which include physical suffering, physical inconvenience, physical discomfort, medical treatment and care, all in violation of Plaintiff's civil rights.

WHEREFORE ,Plaintiff demands judgment against MUINA for any and all damages allowable by law, including but not limited to compensatory, exemplary damages, and punitive damages; award the costs of this action and all costs related thereto; and award all equitable relief allowed by law; and demand a trial by jury of all issues so triable. MILLS also demands attorneys' fees pursuant to 42 U.S.C. §1988.

## COUNT VII
## State Law Battery – Against Defendant CITY for VAZQUEZ's Conduct

58. MILLS reasserts and re-alleges Paragraphs 1-25 as if fully set out herein.

59. On or about March 22, 2017, Defendant VAZQUEZ was acting in the course and scope of his employment at that time and place, did intentionally batter, touch, and/or otherwise strike MILLS.

60. CITY is vicariously liable for the actions of VAZQUEZ.

61. The conduct of VAZQUEZ, as set forth above, was objectively unreasonable and constituted unnecessary and excessive force committed during the course and scope of employment. The battery was accomplished by an abuse of VAZQUEZ's position as a law enforcement officer employed by the CITY.

62. The actions of VAZQUEZ caused physical harm and was committed without the Plaintiff's consent.

63. As a direct and proximate result of the above-mentioned unconstitutional acts of VAZQUEZ,  MILLS has sustained damages, including severe physical injury, physical inconvenience, in the past and will continue to suffer into the future aggravation of a pre-existing condition, pain and suffering, disability, disfigurement, impairment of working ability, medical expense, loss of time, mental suffering, humiliation, disgrace, loss of enjoyment of life, and has and will continue to incur medical expenses, care and treatment for his injuries.

WHEREFORE, Plaintiff MILLS respectfully requests this Honorable Court to grant the following relief:  Award him compensatory damages, taxable costs, a trial by jury on all issues so triable, and other such and further relief as this Court deems reasonable and just.

## COUNT VIII

### State Law Battery—Against Defendant VAZQUEZ, Individually

64. MILLS reasserts and re-alleges Paragraphs 1-41 as if fully set out herein.

65. On or about March 22, 2017, Defendant VAZQUEZ was acting in the course and scope of his employment at that time and place, did intentionally batter, touch, and/or otherwise strike MILLS. Said actions were done without Plaintiff's consent and against Plaintiff's will.

66. The conduct of VAZQUEZ was objectively unreasonable and constituted excessive force committed during the course and scope of employment.  Defendant VAZQUEZ's battery of MILLS, as set forth above, was accomplished by an abuse of VAZQUEZ's position as a law enforcement officer employed by CITY.

67. As a direct and proximate result of the above-mentioned unconstitutional acts of VAZQUEZ, the Plaintiff has sustained damages, including severe physical injury, physical inconvenience in the past and will continue to suffer into the future aggravation of a pre-existing condition, pain and suffering, disability, disfigurement, impairment of working ability, medical expense, loss of time, mental suffering, humiliation, disgrace, loss of enjoyment of life, and has and will continue to incur medical expenses, care and treatment for his injuries.

WHEFEFORE, Plaintiff MILLS demands judgment against Defendant VAZQUEZ for compensatory damages and costs of this action, and further requests a jury trial on all issues so triable.

## COUNT IX

### Unnecessary/Unreasonable Use of Force Claim
### Against Defendant VAZQUEZ, Individually
### Pursuant to 42 U.S.C. §1983 , §1988

68. Plaintiff reasserts and realleges Paragraphs 1-45 as if fully set out herein.

69. VAZQUEZ, under color of law, did intentionally touched or struck MILLS without

    MILLS's consent and against his will.

70. The conduct of VAZQUEZ towards MILLS, as more fully set forth above, was

    objectively unreasonable and constituted unreasonable force in violation of Plaintiff's

    clearly established Constitutional rights under the 4th and 14th Amendments of the United

    States Constitution and 42. U.S.C. §1983.

71. VAZQUEZ acted intentionally and with reckless disregard for Plaintiff's clearly

    established Constitutional rights.

72. MILLS has retained the undersigned counsel to prosecute this action on his behalf.

73. As a direct and proximate result of the actions of VAZQUEZ in violation of 42 U.S.C.

    §1983, Plaintiff suffered damages which include physical suffering, physical

    inconvenience, physical discomfort, medical treatment and care, all in violation of

    Plaintiff's civil rights.

    WHEREFORE ,Plaintiff demands judgment against VAZQUEZ for any and all damages

allowable by law, including but not limited to compensatory, exemplary damages, and

punitive damages; award the costs of this action and all costs related thereto; and award all

equitable relief allowed by law; and demand a trial by jury of all issues so triable. MILLS

also demands attorneys' fees pursuant to 42 U.S.C. §1988.

Dated this 12TH  day of March, 2021.

Respectfully submitted,

**QUANTUM LAW**
600 Corporate Drive
Suite 320
Fort Lauderdale, FL 33334
T: 954-462-1188
F: 954-343-6988


*/s/ Julia A. Farkas*
JULIA A. FARKAS, ESQ.
Florida Bar No.: 27740
Julia.farkas@qtmlaw.com
Valerie.dezii@qtmlaw.com


And

**SIMMONS, FINNEY & WINFIELD, LLC**
Co-Counsel for Plaintiff
145 NW Central Park Plaza
Suite 115
Port St. Lucie, FL 34986
T:  772-873-5900
F:  772-873-3101


*/s/ Linnes Finney Jr.*
LINNES FINNEY, JR., ESQ.
Florida Bar No.: 353671
lfinney@sfwlegalteam.com
pbarletta@sfwlegalteam.com

# EXHIBIT "A"


# Quantum Law

Julia Farkas, Esq.
200 E Broward Blvd, Ste 1400
Fort Lauderdale, FL 33301
Broward: 954.462.1188
Dade: 305.891.1111
Palm Beach: 561.202.1251
Julia.farkas@qtmlaw.com

November 20, 2019

**VIA CERTIFIED MAIL RETURN RECEIPT REQUESTED**  7019 1120000 6413 8431
Director
CITY OF MIAMI POLICE DEPARTMENT
400 NW 2nd Ave.
Miami, Florida, 33128

City Manager Emilio Gonzalez
OFFICE OF THE CITY MANAGER
444 SW 2nd Ave. # 10
Miami, Florida 33130

Insurance Commissioner of the State of Florida
200 E. Gaines St.,
Tallahassee, Florida 32399

Re:     Our Client:     Lorod L. Mills
Date of Incident:     March 22, 2017

## NOTICE OF CLAIM TO GOVERNMENT ENTITY PURSUANT TO
## § 768.28, FLORIDA STATUTES

Dear Sirs:

Please be advised that our law firm has been retained to represent Mr. Lorod L. Mills for injuries and damages he sustained on March 22, 2017, when he was wrongfully arrested, assaulted and battered by City of Miami Police Officers.

Our information and investigation reveals that on March 22, 2017, at the intersection of NW 36th St. and NW 24th Avenue in Miami, Florida , a crowd of people came out of a local nightclub. Lorod L. Mills, who is confined to a wheelchair, was outside of the club and was not a part of the crowd. At that time and place, City of Miami Police Officers, including Lt. Kevin Harrison, Officer Jonathan Vazquez, Officer Rafael Muina, arrived at the scene in response to a call that did not involve Lorod L. Mills. Upon their arrival the officers physicially beat, punched, and physically assaulted Lorod L. Mills, including throwing him out of his wheelchair, and then wrongfully arrested him. All charges filed against Lorod L. Mills nolle prossed or dropped.

Our position is that one or more of the invovled officers violated the Civil Rights of Lorod L. Mills and that the Miami Dade Police have engaged in a policy and practice of overlooking and condoning such brutal and excessive force by its officers, and overlooking and accepting konwingly false police reports, among other violations. Further, Lt. Kevin Harrison and the other officers committed battery against Mr. Lorod Mills, with no

Broward  |  Dade  |  Palm Beach

legal justification. Moreover, the Miami Dade Police Department was negligent in its hiring, training, retention, supervising and monitoring of the officers involved in this matter.

Please be advised that pursuant to the requirements of Florida Statute § 768.28 that a claim is being made against your officers and the Miami-Dade Police Department arising out of the incident which occurred on the above date.

As required by Florida Statute § 768.28 (c), the following information is also provided:

Claimant's date of birth:       5/15/1987
Claimant's place of birth:      Miami, Dade County, Florida
Claimant's social security number:

Adjudicated penalties, fines, fees, victim restitution fund, and other judgments in excess of $ 200 owed by Claimant to the State, its agency, officer or subdivision:

(1)     Case Style:
        Tribunal:
        Nature and amount of judgment:

        None known at this time.

This law firm requests that the Miam-Dade Police Department preserve any evidence invovled with this incident. Please forward this letter to your claims representative. Your anticipated cooperation and prompt response would be greatly appreciated.

Very truly yours,

QUANTUM LAW

Julia A. Farkas, Esq.

pmb
cc: Insurance comissioner of the State of Florida via certified mail



**SENDER:** *COMPLETE THIS SECTION*

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

City of Miami Police Dept
400 NW 2nd Ave.
Miami, FL 33128

9590 9402 4446 8248 7046 16

7019 1120 0001 6413 8431

*COMPLETE THIS SECTION ON DELIVERY*

A. Signature

X ☐ Agent ☐ Addressee

B. Received by *(Printed Name)*  C. Date of Delivery

D. Is delivery address different from Item 1? ☐ Yes
   If YES, enter delivery address below: ☐ No

Miami-Dade County

NOV 23 2019  BRANCH

L. Mill

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☐ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery (over $500)

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

PS Form 3811, July 2015 PSN 7530-02-000-9053                    Domestic Return Receipt



**U.S. Postal Service™**
**CERTIFIED MAIL® RECEIPT**
*Domestic Mail Only*

For delivery information, visit our website at www.usps.com®.

OFFICIAL USE

Certified Mail Fee

Extra Services & Fees *(check box, add fee as appropriate)*
☐ Return Receipt (hardcopy)       $
☐ Return Receipt (electronic)     $
☐ Certified Mail Restricted Delivery $
☐ Adult Signature Required        $
☐ Adult Signature Restricted Delivery $

Postage

Total Postage and Fees
$

Sent To

Street and Apt. No., or PO Box No.

City, State, ZIP+4®

NOV 21 2019
Postmark
Here

ALRIDGE STATION

PS Form 3800, April 2015 PSN 7530-02-000-9047        See Reverse for Instructions


# **Ø**uantum Law

Julia Farkas, Esq.
200 E Broward Blvd, Ste 1400
Fort Lauderdale, FL 33301
Broward: 954.462.1188
Dade: 305.891.1111
Palm Beach: 561.202.1251
Julia.farkas@qtmlaw.com

November 20, 2019

**VIA CERTIFIED MAIL RETURN RECEIPT REQUESTED**   70191120 0001 6413 8448
Director
CITY OF MIAMI POLICE DEPARTMENT
400 NW 2nd Ave.
Miami, Florida, 33128

City Manager Emilio Gonzalez
OFFICE OF THE CITY MANAGER
444 SW 2nd Ave. # 10
Miami, Florida 33130

Insurance Commissioner of the State of Florida
200 E. Gaines St.,
Tallahassee, Florida 32399

Re:   Our Client:   Lorod L. Mills
Date of Incident:   March 22, 2017

## **NOTICE OF CLAIM TO GOVERNMENT ENTITY PURSUANT TO**
## **§ 768.28, FLORIDA STATUTES**

Dear Sirs:

Please be advised that our law firm has been retained to represent Mr. Lorod L. Mills for injuries and damages he sustained on March 22, 2017, when he was wrongfully arrested, assaulted and battered by City of Miami Police Officers.

Our information and investigation reveals that on March 22, 2017, at the intersection of NW 36th St. and NW 24th Avenue in Miami, Florida , a crowd of people came out of a local nightclub. Lorod L. Mills, who is confined to a wheelchair, was outside of the club and was not a part of the crowd. At that time and place, City of Miami Police Officers, including Lt. Kevin Harrison, Officer Jonathan Vazquez, Officer Rafael Muina, arrived at the scene in response to a call that did not involve Lorod L. Mills. Upon their arrival the officers physically beat, punched, and physically assaulted Lorod L. Mills, including throwing him out of his wheelchair, and then wrongfully arrested him. All charges filed against Lorod L. Mills nolle prossed or dropped.

Our position is that one or more of the invovled officers violated the Civil Rights of Lorod L. Mills and that the Miami Dade Police have engaged in a policy and practice of overlooking and condoning such brutal and excessive force by its officers, and overlooking and accepting konwingly false police reports, among other violations. Further, Lt. Kevin Harrison and the other officers committed battery against Mr. Lorod Mills, with no

Broward  |  Dade  |  Palm Beach

legal justification. Moreover, the Miami Dade Police Department was negligent in its hiring, training, retention, supervising and monitoring of the officers involved in this matter.

Please be advised that pursuant to the requirements of Florida Statute § 768.28 that a claim is being made against your officers and the Miami-Dade Police Department arising out of the incident which occurred on the above date.

As required by Florida Statute § 768.28 (c), the following information is also provided:

Claimant's date of birth:      5/15/1987
Claimant's place of birth:     Miami, Dade County, Florida
Claimant's social security number:

Adjudicated penalties, fines, fees, victim restitution fund, and other judgments in excess of $ 200 owed by Claimant to the State, its agency, officer or subdivision:

(1)    Case Style:
       Tribunal:
       Nature and amount of judgment:

       None known at this time.

This law firm requests that the Miam-Dade Police Department preserve any evidence invovled with this incident. Please forward this letter to your claims representative. Your anticipated coopcration and prompt response would be greatly appreciated.

Very truly yours,

QUANTUM LAW

Julia A. Farkas, Esq.

pmb
cc: Insurance comissioner of the State of Florida via certified mail



**SENDER:** COMPLETE THIS SECTION

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

City Mgr Emilio Gonzalez
Office of the City Mgr
300 E Gaines Ave #10
Miami FL 33130

9590 9402 4446 8248 7046 09

2. Article Number (Transfer from service label)

7019 1120 0001 6413 8448

PS Form 3811, July 2015 PSN 7530-02-000-9053

COMPLETE THIS SECTION ON DELIVERY

A. Signature
X

☐ Agent
☐ Addressee

B. Received by (Printed Name)   C. Date of Delivery

D. Is delivery address different from item 1?   ☐ Yes
   If YES, enter delivery address below:        ☐ No

L. Mills

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☐ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery (over $500)

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

Domestic Return Receipt



U.S. Postal Service™
CERTIFIED MAIL® RECEIPT
Domestic Mail Only
For delivery information, visit our website at www.usps.com®.

Certified Mail Fee

Extra Services & Fees (check box, add fee as appropriate)
☐ Return Receipt (hardcopy)
☐ Return Receipt (electronic)
☐ Certified Mail Restricted Delivery
☐ Adult Signature Required
☐ Adult Signature Restricted Delivery

Postage

Total Postage and Fees

Sent To

Street and Apt. No., or PO Box No.

City, State, ZIP+4®

7019 1120 0001 6413 8448



Julia Farkas, Esq.
200 E Broward Blvd, Ste 1400
Fort Lauderdale, FL 33301
Broward: 954.462.1188
Dade: 305.891.1111
Palm Beach: 561.202.1251
Julia.farkas@qtmlaw.com

November 20, 2019

**VIA CERTIFIED MAIL RETURN RECEIPT REQUESTED**                    7019 1120 0001 6443 8424
Director
CITY OF MIAMI POLICE DEPARTMENT
400 NW 2nd Ave.
Miami, Florida, 33128

City Manager Emilio Gonzalez
OFFICE OF THE CITY MANAGER
444 SW 2nd Ave. # 10
Miami, Florida 33130

Insurance Commissioner of the State of Florida
200 E. Gaines St.,
Tallahassee, Florida 32399

      Re:    Our Client:    Lorod L. Mills
      Date of Incident:    March 22, 2017

### NOTICE OF CLAIM TO GOVERNMENT ENTITY PURSUANT TO § 768.28, FLORIDA STATUTES

Dear Sirs:

Please be advised that our law firm has been retained to represent Mr. Lorod L. Mills for injuries and damages he sustained on March 22, 2017, when he was wrongfully arrested, assaulted and battered by City of Miami Police Officers.

Our information and investigation reveals that on March 22, 2017, at the intersection of NW 36th St. and NW 24th Avenue in Miami, Florida , a crowd of people came out of a local nightclub. Lorod L. Mills, who is confined to a wheelchair, was outside of the club and was not a part of the crowd. At that time and place, City of Miami Police Officers, including Lt. Kevin Harrison, Officer Jonathan Vazquez, Officer Rafael Muina, arrived at the scene in response to a call that did not involve Lorod L. Mills. Upon their arrival the officers physically beat, punched, and physically assaulted Lorod L. Mills, including throwing him out of his wheelchair, and then wrongfully arrested him. All charges filed against Lorod L. Mills nolle prossed or dropped.

Our position is that one or more of the invovled officers violated the Civil Rights of Lorod L. Mills and that the Miami Dade Police have engaged in a policy and practice of overlooking and condoning such brutal and excessive force by its officers, and overlooking and accepting konwingly false police reports, among other violations. Further, Lt. Kevin Harrison and the other officers committed battery against Mr. Lorod Mills, with no

Broward | Dade | Palm Beach

legal justification. Moreover, the Miami Dade Police Department was negligent in its hiring, training, retention, supervising and monitoring of the officers involved in this matter.

Please be advised that pursuant to the requirements of Florida Statute § 768.28 that a claim is being made against your officers and the Miami-Dade Police Department arising out of the incident which occurred on the above date.

As required by Florida Statute § 768.28 (c), the following information is also provided:

Claimant's date of birth:     5/15/1987
Claimant's place of birth:    Miami, Dade County, Florida
Claimant's social security number:

Adjudicated penalties, fines, fees, victim restitution fund, and other judgments in excess of $ 200 owed by Claimant to the State, its agency, officer or subdivision:

(1)     Case Style:
        Tribunal:
        Nature and amount of judgment:

        None known at this time.

This law firm requests that the Miam-Dade Police Department preserve any evidence invovled with this incident. Please forward this letter to your claims representative. Your anticipated cooperation and prompt response would be greatly appreciated.

Very truly yours,

QUANTUM LAW

Julia A. Farkas, Esq.

pmb
cc: Insurance comissioner of the State of Florida via certified mail

SENDER: COMPLETE THIS SECTION

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Insurance Commissioners
of the State of Florida
200 E. Gaines St.
Tallahassee, FL 32399

9590 9402 4446 8248 7046 23

2. Article Number (Transfer from service label)
7019 1120 0001 6413 8424

PS Form 3811, July 2015 PSN 7530-02-000-9053

COMPLETE THIS SECTION ON DELIVERY

A. Signature
X _____   ☐ Agent   ☐ Addressee

B. Received by (Printed Name)   C. Date of Delivery
Received by: Willis Clark
DEPT OF FINANCIAL SERVICES

D. Is delivery address different from item 1?   ☐ Yes
If YES, enter delivery address below:   ☐ No

L. Mills

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☐ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery (over $500)

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

Domestic Return Receipt

